<u>**NOT DESIGNATED FOR PUBLICATION**</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0842

FLORIDA GAS TRANSMISSION COMPANY, LLC

VERSUS

TEXAS BRINE COMPANY, LLC, ET AL.

Judgment Rendered: **AUG 0 5 2019**

\* \* \* \* \*

On Appeal from
The 23rd Judicial District Court,
Parish of Assumption, State of Louisiana
Trial Court No. 34316
The Honorable Thomas J. Kliebert Jr., Judge Presiding

\* \* \* \* \*

Leopold Z. Sher
James M. Garner
Peter L. Hilbert Jr.
Jeffrey D. Kessler
New Orleans, Louisiana

Robert Ryland Percy III
Gonzales, Louisiana

Eric J. Mayer
Houston, Texas

Travis J. Turner
Gonzales, Louisiana

Attorneys for Appellant/Defendant,
Third-Party Plaintiff,
Texas Brine Company, LLC

Matthew J. Randazzo III
Christopher B. Bailey
Will Montz
Lafayette, Louisiana

Attorneys for Appellee/Third-Party
Defendant,
Browning Oil Company, Inc.

\* \* \* \* \*

BEFORE: GUIDRY, McDONALD, AND CRAIN, JJ.

**CRAIN, J.**

Texas Brine Company, LLC, appeals a judgment dismissing its claims against Browning Oil Company, Inc., pursuant to a motion for involuntary dismissal. We affirm.

This is one of several lawsuits arising out of a sinkhole in Assumption Parish that developed on or about August 3, 2012, following the collapse of a salt mine cavern. Florida Gas Transmission Company sued Texas Brine, among other defendants, alleging Texas Brine's salt mining operations caused the collapse of the cavern and the resulting sinkhole, which damaged two of Florida Gas's nearby pipelines. Texas Brine filed an incidental demand against Browning Oil, which from 1991 to 2001 operated a nearby oil and gas well, sometimes referred to as the "AH1 well."

The litigation proceeded to a "Phase 1: Liability" trial that was limited to the following issues: (1) the duties owed by the non-insurer parties, (2) whether any non-insurer parties breached the duty or duties owed, and (3) if one or more non-insurer parties breached a duty or duties, whether the actions or inactions of that party caused any legally cognizable damages to any claimant. After Texas Brine rested its case, Browning Oil moved for an involuntary dismissal of Texas Brine's claims against it, arguing the evidence failed to establish any fault by Browning Oil that caused the sinkhole. As summarized by Browning Oil's counsel, "There's no factual evidence that Browning Oil Company in sitting there producing that well for ten years . . . damaged the salt, did any damage to anything, and when they walked away, the cavern was fine." The trial court agreed and granted the motion, signing a judgment on October 31, 2017, dismissing Texas Brine's claims against Browning Oil. Texas Brine appeals.

The arguments presented by Texas Brine were addressed in a related appeal decided by this circuit, *Pontchartrain Natural Gas System v. Texas Brine*

2

*Company, LLC*, 18-0631, 2019WL2865136 (La. App. 1 Cir. 7/3/19), _____ So. 3d

_____, which affirmed a similar judgment granting the same motion for involuntary

dismissal. For the reasons provided in *Pontchartrain Natural Gas System*, we

affirm the October 31, 2017 judgment.[1] This memorandum opinion is issued in

accordance with Uniform Rules—Courts of Appeal, Rule 2-16.1B. All costs of

this appeal are assessed to Texas Brine.

**AFFIRMED.**

---

[1] Texas Brine also seeks review herein of a partial summary judgment signed on August 23, 2017, dismissing Texas Brine's claims against Browning Oil under Louisiana law in effect before 1996. For the reasons provided in *Pontchartrain Natural Gas System*, we find no error in the partial summary judgment.